IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PHILIP W. V. HICKMAN                                                              PLAINTIFF

V.                                                     CIVIL ACTION NO.: 1:18-CV-235-SA-DAS

COLUMBUS MUNICIPAL SCHOOL DISTRICT;
JASON SPEARS; JOSIE S. SHUMAKE; and
FREDERICK SPARKS                                                                DEFENDANTS

ORDER AND MEMORANDUM OPINION

Philip Hickman filed his *pro se* Complaint [1] on December 21, 2018 alleging several violations of Title VII including retaliation, racial discrimination, and a racially hostile work environment. The Columbus Municipal School District, Plaintiff's former employer, and School Board members Jason Spears, Josie Shumake, and Frederick Sparks responded by filing a Motion to Dismiss by Special Appearance [12] on June 6, 2019. Plaintiff did not file a response to this motion. Defendants now request dismissal on the grounds of improper service of process and failure to state a claim upon which relief can be granted. Additionally, Defendants request that the Court grant them attorney's fees costs pursuant to Federal Rule of Civil Procedure 11.

*Factual and Procedural Background*

Philip Hickman was formerly employed by the Columbus Municipal School District in Columbus, Mississippi. Hickman claims that during his employment he was intimidated as a result of threats and conversations he had with Columbus School Board members Jason Spears, Josie Shumake, and Frederick Sparks. Hickman asserts that he filed a complaint with the EEOC in January 2018 and a formal grievance with the school board on January 25, 2018. According to Hickman, the School Board gave him a favorable review on January 26, 2018, but after the Board received his EEOC complaints two weeks later, he was terminated from his employment in

retaliation. In his Complaint, Hickman asserts claims under Title VII for retaliation, racial discrimination, and a racially hostile work environment.

Hickman attempted to serve the Defendants on May 28, 2019 by sending only the first page of the summons by certified mail to the individually named defendants and the superintendent of the Columbus Municipal School District. Defendants filed this Motion on June 6, 2019 making two arguments for dismissal. First, Defendants argue that Hickman's attempt at serving process should be stricken as defective pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5) since Hickman did not serve the Defendants with a copy of the Complaint and because he served the Defendants by certified mail when the Mississippi Rules of Civil Procedure only allow out-of-state defendants to be served by certified mail. Second, the Defendants argue that even if this case is not dismissed for ineffective service of process, this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Hickman has failed to state a claim upon which relief can be granted. Defendants argue that Hickman has not met the necessary elements required to make a *prima facie* claim for racial discrimination claims under Title VII. Defendants also argue that they should be awarded their court costs and attorney's fees. Hickman did not file a response to this Motion [12], and the time to do so has passed.

*Standard of Review*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(4), a moving party must show that service of process was improper as it pertains to the specific content required to be served under Federal Rule of Civil Procedure 4(b). *Shivers v. Akima Intra-Data*, 2008 WL 3992669 at *3 (S.D. Miss. 2008). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(5), a moving party must show that the method of delivery of the summons and complaint was improper. *Id*.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint or counterclaim, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas*, 781 F.3d 772, 775–76 (5th Cir. 2015) (citing *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010)) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937). A *pro se* plaintiff's pleadings are construed liberally and are not held to standards as strict as those to which attorneys' formal pleadings are held. *Hardy v. United States*, 2018 WL 5538694 at *1 (S.D. Miss. 2018) (citing *Erickson v. Pardus*, 551 U.S. 89, 125 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)).

*Improper Service of Process*

The Federal Rules of Civil Procedure require that generally, service of process must include a copy of the complaint. FED. R. CIV. P. 4(c)(1). Here, Defendants assert that Hickman improperly served process by sending only the first page of the summons, without a copy of the complaint, by certified mail. Defendants argue that, as a result, Hickman's attempted process should be stricken. Hickman served each individually named defendant by mailing the first page of the summons to them at the school district's office. He served the school district by mailing the first page of the summons to the school district's office, addressed to the current superintendent. Based on this information, service of process in this case did not include all necessary items and is therefore improper.

Additionally, service of process must be made by "any person who is at least 18 years old and not a party" to the proceeding. FED. R. CIV. P. 4(2). Here, Hickman attempted to serve

Defendants by sending the first page of the summons by certified mail. The Federal Rules of Civil Procedure provide that service may be made by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e)(1), (2).

Under the Mississippi Rules of Civil Procedure, service may be made on in-state defendants by process server, sheriff, mail, or publication. MISS. R. CIV. P. 4(c). Rule 4 provides that serving a defendant by certified mail is reserved for out-of-state defendants. *Id.*

Here, Hickman served Defendants by sending the first page of the summons and no copy of the complaint by certified mail. Hickman's *pro se* status does not lessen the standard for service of process established in the rules. *Perry v. Andy*, 858 So. 2d 143, 148 (Miss. 2003). Consequently, Hickman's service of process was improper both because Hickman failed to include a copy of the complaint and because Hickman attempted to serve the in-state defendants using a method specifically reserved for serving out-of-state defendants.

If service of process is improper but curable, a court should generally quash the service and give the Plaintiff another opportunity to properly serve the defendant. *Adams v. Columbus Lumber Co., LLC*, 2011 WL 1899805 at *2 (S.D. Miss. 2011). If proper service of process would be futile, then dismissing the case without an opportunity to cure is appropriate. *Id.* A plaintiff is given 90 days to serve process on a defendant after filing his or her complaint. FED. R. CIV. P. 4(m). Hickman served the Defendants on May 28, 2019. The Defendants filed their Motion on June 6, 2019, prior to Hickman's 90-day deadline to serve process after filing his complaint. As such, Hickman had

notice by way of the instant motion, of the impropriety of his service on the Defendants. Quashing service and allowing Hickman to re-serve, here, is outside the scope of the time allotted and is futile. *See Systems Signs Supplies v. U.S. Dept. of Justice, Washington D.C.*, 903 F.2d 1011, 1014 (5th Cir. 1990) ("As [Plaintiff] had ample notice of a defect, but did not attempt correction within the statutory period, we cannot say that the district court abused its discretion in dismissing the case.") Therefore, Hickman's claim will be dismissed without prejudice for improper service of process.

*Attorney's Fees and Court Costs*

Finally, Defendants seek an award of attorney's fees and their reasonable costs pursuant to Rule 11 of the Federal Rules of Civil Procedure. Although, Hickman is proceeding *pro se*, he is not immune to the Rule 11 requirements for good faith pleadings. *Taylor v. County of Copiah*, 937 F. Supp. 580, 585 (S.D. Miss. 1995); however, under Rule 11(c)(2) "a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Based on this rule, this issue is not ripe for review.

*Conclusion*

For the reasons fully discussed above, the Court orders the following:

The Defendants' Motion to Dismiss [12] for failure to state a claim upon which relief can be granted and improper service of process is GRANTED and dismissed *without prejudice*. Defendants' request for costs and attorney's fees is DENIED and dismissed *without prejudice*.

It is SO ORDERED, on this 22nd day of November, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE